IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDE WILKINSON; GARY L. WILLIAMS; and DIXIE WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case Number CIV-09-907-C ) ) |
| JOHN W. BODE, individually; and DENISE A. BODE, individually, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a Complaint on August 19, 2009, alleging a claim of breach of contract. Summonses were issued that same date. According to Plaintiffs, a process server attempted to serve Defendants at 913 Saint Stephens Road, Alexandria, VA 22304, at least two times during September. The process server was informed that Defendants did not reside at that address. Subsequently, a copy of the summons and complaint were sent via certified mail to each Defendant at 431 N.W. 17th Street, Oklahoma City, OK 73103. Both of these letters were returned unclaimed. Plaintiffs' counsel then arranged for a skip trace, which indicated an address for Defendants of 100 4th Street N.E., Washington, D.C. 20002. It appears that service was attempted at this address twice in September and three times in November, but Defendants were never located at the residence. Plaintiffs' counsel also attempted to serve Defendants at the Washington, D.C., address via certified mail in December 2009. Neither of the mailings were ever returned to the attorney's office, indicating that they were lost in the mail. Plaintiffs' counsel then issued alias summonses to both Defendants on December

15, 2009, and immediately mailed the new summonses to a process server. Defendants were eventually served at 100 4th Street N.E., Washington, D.C. 20002 on January 18, 2010.

According to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiffs have 120 days from the date the complaint is filed to properly serve every defendant. The Tenth Circuit has set forth the proper analysis for courts to conduct in assessing claims of untimely service.

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

In determining whether a plaintiff has demonstrated good cause, courts "have regarded as insufficient excuses such as inadvertence and reliance on a process server who fails to perform." Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir. 1991). The Court finds that Plaintiffs have not demonstrated good cause for their failure to properly serve Defendants. From the documents submitted by Plaintiffs, it appears that they were aware of Defendants' proper address as early as September 2009. The process server attempted to serve Defendants in person at that address on five different occasions, but was unsuccessful. Plaintiffs' counsel also attempted service by certified mail but that was unsuccessful. Plaintiffs do not allege that Defendants were attempting to evade service of process, and the

2

Court finds Plaintiffs' efforts to effect service insufficient to demonstrate good cause.

In determining whether a permissive extension of time should be granted, courts are instructed to consider a number of factors, including whether the applicable statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff is a pro se litigant, and whether the plaintiff's is suing the United States, thereby requiring multiple forms of service. See Espinoza, 52 F.3d at 842. None of these factors warrants a permissive extension in this case. The Plaintiffs' claim is one for breach of a written contract for the sale of land. Under Oklahoma law, such claims must be brought within five years of the claim's accrual. 12 Okla. Stat. § 95(A)(1). Plaintiffs signed the contract at issue on April 29, 2008, and there is ample time within which they may refile their claim. In addition, Plaintiffs are not suing the United States, nor are they proceeding pro se. There is nothing that indicates to the Court that a permissive extension is warranted.

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 11) is GRANTED. Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 15th day of April, 2010.

ROBIN J. CAUTHRON
United States District Judge